
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 19 2018

CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROGER WAYNE LANGSTON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-921-A |
| | § | (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Roger Wayne Langston under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered the motion, the government's response, the reply, and pertinent parts of the record in Case No. 4:16-CR-132-A, styled "United States of America v. Charles Ben Bounds, et al.," the court has concluded that the motion should be denied.

### I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On May 18, 2016, movant was named in a one-count superseding indictment charging him and others with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in

violation of 21 U.S.C. § 846. CR Doc.¹ 215. On August 11, 2018, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 535. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 563. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true and accurate.

The PSR reflects that movant's base offense level was 36. CR Doc. 798 ¶ 65. He received four two-level enhancements for

---

¹The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

2

possession of a dangerous weapon, use of violence, importation of methamphetamine, and maintaining a premises for manufacturing or distributing a controlled substance. Id. ¶¶ 66-69. With the adjustment for acceptance of responsibility, movant's total offense level was 41. Id. ¶ 77. Based on a total offense level of 41 and a criminal history category of VI, the guideline imprisonment range was 360 months to life, but the statutory maximum sentence was 40 years, so the guideline range became 360-480 months. Id. ¶ 144. Movant filed objections. CR Doc. 911. The probation officer prepared an addendum to the PSR, accepting a number of the objections. CR Doc. 1016. But, even though movant's base offense level became 39, his guideline range stayed the same. Id. Movant again filed objections. CR Doc. 1019. He also filed a motion for downward departure. CR Doc. 934.

On January 6, 2017, movant was sentenced to a term of imprisonment of 480 months. CR Doc. 1040. The court noted that a sentence above 480 months would have been appropriate. CR Doc. 1264 at 13. The court found particularly disturbing movant's tendency to use violence against people. Id. at 14. Movant appealed and his sentence was affirmed. United States v. Langston, 701 F. App'x 374 (5th Cir. 2017).

II.

Grounds of the Motion

Movant urges three grounds in support of his motion. All are based on ineffective assistance of counsel. Only the first ground is spelled out:

> GROUND ONE: Counsel (S. Bush) was ineffective for failing to investigate movant's 2 level increase under USSG 2D1.1(b)(12).

Doc.² 1 at PageID³ 4. In the supporting facts section under ground one, movant alleges that he should not have received the two-level increase for maintaining a premises for distributing methamphetamine. Id. In the supporting facts section under ground two, movant alleges that his counsel was ineffective for failing to challenge the two-level enhancement for importation of methamphetamine. Id. at PageID 5. And, in the supporting facts section under ground three, movant alleges that his counsel was ineffective for failing to challenge the two-level enhancement for use of violence. Id. at PageID 7.

---

²The "Doc. __" reference is to the number of the item on the docket in this civil action.

³The "PageID __" reference is to the page number assigned by the court's electronic filing system.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant

is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of

6

claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

With regard to the first ground, a defendant who alleges failure to investigate by his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the proceedings. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). It will always be true that counsel could have done more; therefore, that is not the test. Freeman v. Stephens, 614 F. App'x 180, 186 (5th Cir. 2015). Here, movant presents nothing more than the conclusory allegation that his counsel "failed to address this issue." Doc. 1 at PageID 4. In his reply, movant focuses on the argument that he did not reside in a house with codefendant Chamberlain. doc. 7 at PageID 45-46. He fails to note that he was also held accountable for maintaining hotel rooms from which drugs were distributed. See, e.g., CR Doc. 798 ¶ 58. And, he overlooks that

7

he established and operated a "trap house" for Rachel Adams. Id. ¶ 30. For these reasons and others, it may well be that counsel investigated the issue and determined not to pursue it.

The second and third grounds are premised on the allegation that movant's co-defendants lied about imported drugs and movant's use of violence. Doc. 1 at PageID 5 & 7. He does not present any evidence to show that the statements in the PSR, which the court adopted, CR Doc. 1264 at 5, were materially untrue, inaccurate, or unreliable. See United States v. Harris, 702 F.3d 226, 230 (5th Cir. 2012). As the PSR reflects, CR Doc. 798, movant had numerous sources of methamphetamine. That movant's main source at a particular time may have been someone other than Bowden, as movant alleges in his reply, Doc. 7 at PageID 47, is irrelevant. And, whether movant actually hung a coconspirator from a building after an argument, Doc. 7 at PageID 50-51, the PSR reflects that he was known to rob coconspirators and had obtained a bullet-proof vest to be used in the robberies. CR Doc. 798 ¶ 33. And, movant was found on more than one occasion to have weapons and ammunition. See, e.g., id. ¶¶ 28, 33, 41, 49.

Each of the enhancements is supported by the record and, as movant's counsel doubtless understood, movant faced a loss of acceptance of responsibility had he pursued the objections he now says should have been pursued. Movant's counsel cannot have been

8

ineffective for declining to press frivolous objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). Further, movant has not shown prejudice--that is, that there is a reasonable probability that he would have received a lower sentence had his counsel pursued these objection--thus, he cannot prevail on his motion. Strickland, 466 U.S. at 693. As the court noted, a top-of-the-guideline sentence was appropriate based on all of the factors the court must consider in sentencing. CR Doc. 1264 at 13.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED December 19, 2018.

_____
JOHN McBRYDE
United States District Judge